IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40320
Summary Calendar

UNITED STATES OF AMERICA

                              Plaintiff-Appellee

v.

JOE GUZMAN

                              Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-228-3

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joe Guzman appeals his jury conviction for conspiracy to possess with intent to distribute more than 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One) and aiding and abetting the possession with intent to distribute approximately 756 kilograms of marijuana in violation of § 841(a)(1) and 18 U.S.C. § 2 (Count Four). He contends that the evidence at trial was insufficient to sustain the jury's verdict. Specifically, he argues that his mere presence and association with the alleged co-conspirators was

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to establish his knowledge of and voluntary participation in the conspiracy.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Guzman conspired to possess with intent to distribute more than 1000 kilograms of marijuana. Although there was no evidence that Guzman made arrangements or conducted negotiations regarding the marijuana or money, co-conspirators Samuel Lopez and Fernando Gutierrez-Torres (Gutierrez) testified that Guzman knew the purpose of their trips to Corpus Christi, Texas, and Mississippi; that Guzman was present when co-conspirator Elijio Ruiz-Moreno, Jr. (Ruiz) explained that a person identified as Red was in charge of the marijuana in Mississippi; that Guzman was present during their discussions of the marijuana business; that Guzman was paid for his assistance in the marijuana business; and that Guzman was part of the conspiracy. Further, although there was no evidence that Guzman retrieved or transported any marijuana, Lopez testified that Guzman knew they were in Corpus Christi waiting for a boat-load of marijuana to arrive from Mexico. Moreover, Gutierrez testified that Guzman was in the room when Red delivered the $92,100 he owed Gutierrez for prior deliveries of marijuana and was present when Gutierrez wrapped the money and placed it in his suitcase. Lopez's and Gutierrez's testimony was not incredible or factually insubstantial on its face and was corroborated in part by the testimony of several law enforcement witnesses. Therefore, the evidence at trial was sufficient to sustain the jury's verdict on Count One. See United States v. Westbrook, 119 F.3d 1176, 1189-90 (5th Cir. 1997).

Further, viewing the evidence in the light most favorable to the verdict, the evidence at trial was sufficient to establish that Guzman aided and abetted the possession with intent to distribute approximately 756 kilograms of marijuana on May 13, 2005. Lopez testified that in May 2005, he, Guzman, and Ruiz drove to Corpus Christi. They stayed at a hotel near the beach for

approximately one week, waiting for Gutierrez to arrive with information as to when the next load of marijuana was coming in from Mexico. Although Guzman did not go to the beach with the others, Guzman was present during their discussions and knew that they were in Corpus Christi to pick up a load of marijuana. Further, Gutierrez testified that Guzman was paid for driving and loaning them his car in furtherance of the marijuana business. The jury could reasonably infer that Guzman associated himself with the criminal venture, purposefully participated in it, and sought to make it succeed. Therefore, the evidence at trial was sufficient to sustain the jury's verdict on Count Four. See United States v. Vaden, 912 F.2d 780, 783 (5th Cir. 1990).

Accordingly, the district court's judgment is AFFIRMED.